SCOTT v. HARTOG.

(Supreme Court, Appellate Term. January 5, 1912.)

1. JUDGMENT (§ 627*)—MERGER AND BAR—PERSONS CONCLUDED—HUSBAND AND WIFE.

A judgment of dismissal in an action against a wife for damages from a collision with her automobile is not an adjudication of the issues in an action for the same injury later brought against the husband.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 627.*]

2. JUDGMENT (§ 570*) — CONCLUSIVENESS OF ADJUDICATION — DISMISSAL OF COMPLAINT.

A judgment in a former suit, upon dismissal of the complaint for failure of proof, is no adjudication of the issues in a later suit upon the same cause of action and the same issues.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 570.*]

3. EVIDENCE (§ 579*)—FORMER PROCEEDING—GROUNDS FOR ADMISSION.

Testimony given in a former suit, though involving the same issues as presented by a later suit between different parties, can be read at the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

later trial only to prove admissions of the parties, or, on cross-examination, to impeach credibility of witnesses.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2412; Dec. Dig. § 579.*]

4. STIPULATIONS (§ 14*)—EVIDENCE—FORMER PROCEEDING.

A stipulation that testimony contained in a transcript which was inadmissible, except to prove admissions or for impeachment, could be introduced without verification by the stenographer, simply exempted the parties from such verification, and cannot be taken as adding anything to the materiality or the competency of the evidence.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

5. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW—REOPENING CASE—SETTLEMENT OF RETURN.

Upon the settlement of a return, the trial judge may amend the case only to show matters that actually occurred at the trial, and may not, at that time, take additional evidence, so that, where a transcript of evidence was neither introduced nor the questions and answers therein read to a witness for the purpose of impeachment, its introduction upon the settlement was improper.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

6. WITNESSES (§ 388*)—IMPEACHMENT—LAYING FOUNDATION.

The admission of a transcript of the evidence of a witness in a former trial of the same issues was improper for purposes of impeachment, where no foundation for its admission was laid.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1233–1242; Dec. Dig. § 388.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Frank Scott against Joseph Hartog. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Lester M. Friedman, for appellant.

Gregg & McGovern (John T. McGovern, of counsel), for respondent.

LEHMAN, J. The plaintiff sues for damages sustained through a collision with an automobile in charge of a chauffeur in the general employ of the defendant. Before this action was brought the plaintiff had sued the defendant's wife, who was the owner of the automobile; but the complaint was dismissed, on the ground that the plaintiff had failed to show absence of contributory negligence on the part of his driver, and had failed to show that the chauffeur was the agent of the defendant in that action.

[1-3] That action was not between the same parties as this action, and apparently the complaint was dismissed for failure of proof. The judgment was, therefore, no adjudication of the issues presented in this action. The testimony presented in the former action could not be read at this trial, except to prove admissions by the parties, or, upon cross-examination, after proper foundation was laid, to impeach the credibility of the witnesses by showing that they had testified differently at the earlier trial.

[4] When this trial began, it was stipulated on the record that:

"It has been agreed that we can use upon the trial transcript of part of the testimony adduced on the former trial without the necessity of calling the stenographer to prove said transcript."

This stipulation simply exempts the parties from producing the stenographer to prove the correctness of the transcript of the minutes, but does not render the minutes admissible, unless they are otherwise material and competent evidence.

[5, 6] The plaintiff's driver went on the stand, and testified to the circumstances surrounding the accident. His testimony is very much at variance with his testimony in the earlier action. The defendant did not read the questions and answers given at the earlier trial to the witness, nor did he attempt to introduce in evidence the transcript of the previous testimony. He did, however, at the close of the case, furnish the trial justice with a transcript of his previous testimony. The trial justice apparently considered this transcript as an exhibit, and permitted the defendant, when the case was settled, to introduce this transcript in evidence, and then had it marked as an exhibit. The plaintiff objected to its admission at that time, on the grounds both that it had never been offered in evidence at the trial and that no proper foundation for its admission had been laid. The objection should have been sustained on both grounds. Upon the settlement of the return the trial justice has a right to amend the case only to show what actually happened at the trial. He has no right at that time to take additional evidence. He had, furthermore, no right to consider the contradictions between the testimony of the driver at this trial and the testimony at the previous trial, without allowing the witness the opportunity to explain these contradictions.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.